IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAAD STEWART SR.**, as Independent Administrator of the Estate of Arnold Stewart, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>**DNA TRANSPORTATION, LLC, ANTION STEWART,** and **FRESENIUS VASCULAR CARE ST. LOUIS, LLC,** d/b/a **AZURA VASCULAR CARE ST. LOUIS,**<br><br>Defendants. | Case No. 3:22-cv-00106-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Defendant Fresenius Vascular Care St. Louis, LLC has filed a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the Court finds that it lacks personal jurisdiction over Fresenius. As a result, Fresenius's motion to dismiss is granted.

### RELEVANT FACTS AND BACKGROUND

Plaintiff Rashaad Steward Sr., as independent administrator of the estate of decedent Arnold Stewart, commenced the present action to recover damages from a medical negligence and wrongful death action against DNA Transportation, LLC, Antion Stewart, and Fresenius Vascular Care St. Louis, LLC. (Doc. 1-1.) Plaintiff does not contest that Fresenius is a limited liability company incorporated in Delaware, with its principal place of business located in Massachusetts. (Docs. 8-1, 18.) Plaintiff

does not contest that Fresenius is not registered to do business in Illinois; it has no facilities or offices in Illinois; and it has no registered agent in Illinois. (*Id.*) Fresenius does business at its Florissant, Missouri facility as Azura Vascular Care St. Louis. (Doc. 1-1, p. 41.) Azura Vascular Care provided dialysis services to patients. (*Id.*) Azura Vascular Care arranged for the decedent's transportation to and from their facility through a different company, DNA Transportation, which is based in Missouri. (*Id.* at 42.) On December 5, 2019, DNA Transportation was providing transportation for decedent from the Florissant, Missouri facility back to the decedent's residence in Illinois. (*Id.* at 17.) During transport, the decedent sustained injuries and later died from an abrupt stop that caused him to fall out of his wheelchair, which Plaintiff alleged was negligent. (*Id.* at 18, 21.)

## LEGAL STANDARD

"[A] complaint need not include facts alleging personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Once a defendant moves to dismiss based on lack of personal jurisdiction the burden falls on the plaintiff to demonstrate that jurisdiction exists. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). "The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held." *Purdue Research Found.*, 338 F.3d at 782. The Court is making its determination solely on written materials and not an evidentiary hearing. This means Plaintiff must only make a *prima facie* showing of personal jurisdiction over Defendant to survive a motion to dismiss. *Id.* at 782. However, the Court will resolve disputes in the affidavits or

evidence in favor of Plaintiff. *Id.* at 782.

## ANALYSIS

A federal court sitting in diversity looks to the personal jurisdiction law of the state in which the court sits to determine if it has jurisdiction. *RAR, Inc. v. Turner Diesel, LTD.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Therefore, this Court will apply Illinois law. Illinois law states, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction, and if the exercise of personal jurisdiction is permissible under both the Illinois and United States Constitutions. *Id.* at 1276.

The Illinois long-arm statute permits courts to exercise jurisdiction on any basis permitted by the United States Constitution and the Illinois State Constitution. ILCS 5/2-209(c). Therefore, this Court will only have jurisdiction over a defendant if such jurisdiction is permitted by federal and state constitutional standards.

The Seventh Circuit Court of Appeals has stated "that there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing *RAR, Inc.*, 107 F.3d at 1276). So, if defendant's contacts with Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of the Illinois long arm statute and the Illinois Constitution have been satisfied.

Under federal due process standards, a court has personal jurisdiction over a defendant only if the defendant has sufficient minimum contacts with the forum state

such that the defendant could "reasonably anticipate being haled into court there," and the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin,* 601 F.3d 693, 701 (7th Cir. 2010) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Courts recognize two types of personal jurisdiction. The first type is general jurisdiction. General jurisdiction exists only when the affiliations with the state in which the suit is brought are "so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman,* 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). Normally, corporations are considered at home in the state of their incorporation or their principal place of business. *Id.* at 118. Only in an exceptional case can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNFS Ry. Co. v. Tyrell,* 137 S. Ct. 1549, 1558 (2017).

Fresenius is incorporated in Delaware with its principal place of business in Massachusetts. (Doc. 8-1.) Therefore, this Court can only have jurisdiction over Fresenius if this is an "exceptional case" where Fresenius's contacts with Illinois are so "continuous and systematic" as to render it essentially "at home" in Illinois. Plaintiff contends that Fresenius directs its services to residents of Illinois and therefore, Fresenius should reasonably expect to be haled into court in Illinois. (Doc. 18, p. 6.) However, Plaintiff has only established that the decedent was from Illinois. There is no other showing of any other patients who reside in Illinois. Therefore, the

Complaint provides no basis for this Court to exercise general jurisdiction over Plaintiff's claim against Fresenius.

The second type of personal jurisdiction that courts recognize is specific jurisdiction. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Goodyear,* 564 U.S. at 924. One way to establish purposeful availment is to show that defendant purposefully exploited the forum state's market. *Keeton v. Hustler Magazine Inc.,* 465 U.S. 770, 774 (1984). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King Corp, v. Rudzewicz,* 471 U.S. 462, 472 (1985). Second, the lawsuit must arise out of or be related to the defendant's contact with the forum. *Id.* at 473-474. In order to establish a *prima facie* case of specific jurisdiction, the plaintiff must show both purposeful availment and that the suit arose out of defendants contacts with the forum state. *Id.* at 472.

Here, Plaintiff has failed to plead enough facts indicating that Fresenius availed itself to the jurisdiction of Illinois. Plaintiff claims that Fresenius availed itself by treating Illinois residents. (Doc. 18, p. 6.) However, Plaintiff has not shown that Fresenius has done business with any other Illinois resident besides decedent.

Plaintiff also states that when Fresenius scheduled appointments, and voluntarily arranged transportation services for decedent, it availed itself to Illinois. (Doc. 18, p. 6.) The Plaintiff cites *Burger King* to argue that Fresenius' activity was directed to Illinois because the decedent resided in Illinois. (Doc. 18, p. 6.) However, the facts in this case are distinguishable. In *Burger King*, the Supreme Court ruled that the Florida court did have personal jurisdiction over the defendant. 471 U.S. at 487. One reason why the Supreme Court granted personal jurisdiction was that the defendant deliberately reached out and negotiated with a Florida corporation. *Id*. at 479-480.

In the current matter, it was the decedent, not Fresenius who first reached out to schedule an appointment and request transportation on Fresenius' website. DNA Transportation, a different company based in Missouri, was contracted by Fresenius to provide transportation services for their patients including decedent. (Doc. 1-1, p. 42.) At no point in their dealings did Fresenius have control over how DNA Transportation operated or transported patients. (*Id.*) Since, the only connection between Fresenius and the decedent was through a third-party company, the connection is too attenuated to establish personal jurisdiction over Fresenius.

Finally, Fresenius is not registered to do business in Illinois, it has no employees in Illinois, and it has no agents in Illinois that are affiliated with the facility in question. (Doc. 8-1.) Thus, there is no showing of minimum contacts sufficient to trigger jurisdiction over Fresenius.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Fresenius Vascular Care St.

Louis, LLC's Motion to Dismiss. (Doc. 8.) Fresenius is **DISMISSED without prejudice** from this action. The Clerk of Court is **DIRECTED** to terminate Fresenius.

**IT IS SO ORDERED.**

**DATED:  August 26, 2022**

s/ <u>*Stephen P. McGlynn*</u><br>
**STEPHEN P. McGLYNN**<br>
**U.S. District Judge**